UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GABRIEL MANJARES, | ) |
|             Plaintiff, | ) Case No. |
| vs. | ) COMPLAINT FOR DAMAGES |
| Trooper RYAN A. DURBIN, member of the Washington State Patrol, and DOES I through V, members of the Washington State Patrol, | ) (Civil Rights, Personal Injury, Jury Trial Demanded) |
|             Defendants. | ) |

## I. INTRODUCTION

1. This is an action for damages sustained by a citizen of Yakima, Washington against a Washington State Patrol Trooper who, through his intentional conduct and reckless and conscious disregard for the First, Fourth, Fifth and Fourteenth Amendments, has caused plaintiff

COMPLAINT FOR DAMAGES - 1

Premier Law Group pllc
3380 – 146th PL SE, Suite 430
Bellevue, Washington 98007
(206) 285-1743 / Fax: (206) 599-6316

to suffer deprivation of his civil and constitutional rights, and severe mental and emotional distress.

## II. JURISDICTION

2.  The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(1), (2), (3), and (4); the provisions of 42 U.S.C §§ 1983 and 1988; and the Constitution of the United States, specifically the First, Fourth, Fifth and Fourteenth Amendments thereto.

## III. VENUE

3.  All of the unlawful acts and practices alleged herein occurred in Pierce County. Thus the Western District of Washington Tacoma Courthouse is the appropriate forum for this matter.

## IV. PARTIES

4.  Plaintiff Gabriel Manjares is an adult Hispanic male citizen of the United States and a resident of the State of Washington.

5.  Defendant State Trooper Ryan A. Durbin is a member of the Washington State Patrol and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by the Washington State Patrol.

6.  Defendants Does I through V, in doing the things complained of herein, were acting under color of law and within the course and scope of their employment by the Washington State Patrol.

7.  Each defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged.

## V. FACTS

8. On the early morning of April 22, 2012, plaintiff Gabriel Manjares was traveling southbound on I-5 in the number 3 lane. Patrolling in a fully marked Washington State Patrol vehicle, defendant Trooper Ryan A. Durbin followed plaintiff and activated his emergency lights to stop the vehicle for allegedly speeding and not completely maintaining his lane of travel.

9. Plaintiff immediately began safely moving to the right and pulled off the road onto the right shoulder when it was completely safe to do so.

10. Trooper Durbin approached the vehicle on the passenger side and plaintiff rolled down the passenger window.

11. Plaintiff provided defendant Durbin with his license, registration and insurance. Upon receipt of plaintiff's license, Durbin noticed that it had been punched and speculated that it was for a prior DUI arrest. Durbin asked plaintiff if he had had anything to drink that night, to which plaintiff responded "nothing at all".

12. Defendant Durbin requested that plaintiff submit to voluntary field sobriety tests. Plaintiff responded that he had not been drinking and declined to submit to the voluntary tests. Plaintiff's speech was normal and not slurred.

13. At the defendant Durbin's request, plaintiff exited the vehicle. Defendant Durbin placed him in handcuffs, arrested him for DUI and impounded his vehicle. After handcuffs were placed on plaintiff, he stated that he would submit to the field sobriety tests to prove that he had not consumed any alcohol. Durbin ignored him and placed him in the back of his patrol car.

14. At 2:02 a.m., Washington State Patrol Trooper, Saul Duran arrived on scene. Plaintiff stated again that he would submit to the field sobriety tests, but both Officers ignored him.

COMPLAINT FOR DAMAGES - 3

Premier Law Group PLLC
3380 – 146th PL SE, Suite 430
Bellevue, Washington 98007
(206) 285-1743 / Fax: (206) 599-6316

15. Defendant Durbin took plaintiff to the WSP Tacoma District One office. There, plaintiff submitted to a breath test and the results showed a BAC of .000.

16. Plaintiff was released without citation, but told his case would be forwarded to the Pierce County Prosecutor's Office.

17. After being released from custody, plaintiff asked defendant Durbin if he could transport him to his vehicle. Defendant Durbin declined plaintiff's request. Plaintiff informed defendant that he had no money to pay for a taxi and that his medication was in his vehicle. Disregarding plaintiff's well-being, defendant replied that getting to his vehicle was plaintiff's problem and a 12-hour hold had been placed on his vehicle.

18. Before plaintiff left the WSP Tacoma District One office, defendant Durbin commented that "this experience should serve you as an expensive lesson and next time you should just submit to field sobriety tests."

19. Later that morning, Plaintiff was hospitalized as a result of not taking his medication. Plaintiff is diabetic and requires medication to regulate his blood sugar levels.

## VI. FIRST CLAIM FOR RELIEF

### (42 United States Code § 1983 -- Illegal Seizure and Arrest)

20. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 19 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

21. The actions of the defendant Durbin in arresting plaintiff without probable cause deprived him of his Fourth Amendment rights to be free from deprivations of liberty without legal and/or probable cause and due process of law in violation of 42 United States Code § 1983.

22. Defendant Durbin subjected plaintiff to such deprivations by malice and a reckless and conscious disregard of his rights for which an award of punitive damages is warranted.

23. The direct and proximate result of the defendants' acts is that plaintiff was forced to endure physical pain and suffering, mental suffering and emotional distress, was deprived of his physical liberty, incurred medical expenses and his vehicle was towed and impounded requiring him to expend money to recover it.

## VII. SECOND CLAIM FOR RELIEF

### (42 United States Code § 1981 and 1983 – Ethnic Discrimination)

24. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 23 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

25. Defendant subjected plaintiff to intentional discriminatory treatment based on his race and national origin in violation of 42 United States Code § 1981 and 1983 and of the Fourteenth Amendment of the U.S. Constitution.

26. Defendant Durbin could visibly see that plaintiff was of Hispanic descent. Upon receipt of plaintiff's driver's license, Durbin confirmed plaintiff was Hispanic by his last name. Based solely on his ethnicity, defendant Durbin concluded that he was driving under the influence.

27. Defendant Durbin subjected plaintiff to such deprivations by malice and/or a reckless and conscious disregard of plaintiffs' rights for which an award of punitive damages is warranted.

COMPLAINT FOR DAMAGES - 5

Premier Law Group PLLC
3380 – 146th PL SE, Suite 430
Bellevue, Washington 98007
(206) 285-1743 / Fax: (206) 599-6316

28. The direct and proximate result of the defendants' acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress, had his civil rights violated, incurred medical expenses and his vehicle was towed and impounded requiring him to expend money to recover it. The conduct of the defendants was done in reckless and conscious disregard of the pain and suffering it was bound to inflict upon plaintiff for which an award of punitive damages is mandated.

## VIII. THIRD CLAIM FOR RELIEF

### (42 United States Code § 1981 and 1983 – Retaliation)

29. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 28 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

30. Plaintiff was arrested in retaliation for verbally stating that he would rather not perform field sobriety tests and without probable cause depriving him of his First and Fifth Amendment Constitutional rights in violation of 42 U.S.C. 1983.

31. Defendant Durbin subjected plaintiff to such deprivations by malice and/or a reckless and conscious disregard of plaintiffs' rights for which an award of punitive damages is warranted.

32. The direct and proximate result of the defendants' acts is that plaintiff has been forced to endure physical pain and suffering, mental suffering and emotional distress, had his constitutional rights violated, incurred medical expenses and his vehicle was towed and impounded requiring him to expend money to recover it. The conduct of the defendants was done in reckless and conscious disregard of the pain and suffering it was bound to inflict upon plaintiff for which an award of punitive damages is mandated.

## IX. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief against the defendant:

A. For general and special compensatory damages for plaintiff and against defendants according to proof at trial;

B. For punitive damages against the defendant Durbin;

C. For reasonable attorney's fees and costs pursuant to the provisions of 42 U.S.C. § 1988 or any other applicable law;

D. For costs of suit incurred herein; and

E. For such other and further relief as the Court may deem just.

DATED this 3 day of July 2012

PREMIER LAW GROUP, PLLC

*[signature]*
Darryl Parker, WSBA #30770
Attorneys for Plaintiff